FILED

SEP 0 8 2008

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNETH RAY SANDERS,

    Petitioner,

v.                                        Civil Action No. 3:08cv72
                                                (Judge Bailey)

KUMA DEBOO, Warden,[1]

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the petitioner's § 2241 habeas corpus petition, his amendment, the Government's responses and the petitioner's reply. In the petition, the petitioner challenges the Bureau of Prisons ("BOP") calculation of his sentence and other matters related to his parole proceedings. In response, the government asserts that the petitioner's claims are not exhausted, that his sentence has been properly computed and that the petitioner is not otherwise entitled to relief.

### I. Petitioners' Conviction and Sentence

According to the pleadings, the petitioner was originally convicted by the District of Columbia Superior Court of second degree burglary, attempted first degree theft and destroying

---

[1] In the petition, the petitioner names Kuma Deboo, the United States Parole Commission, the Federal Bureau of Prisons and the D.C. Department of Corrections as respondents in this action. However, the only proper respondent in a habeas corpus action is the custodian of the prisoner. See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) "[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody). Consequently, the only proper respondent in this case is Kuma Deboo, the Warden of FCI-Gilmer.

property (case no. F-14226-89). As a result of that conviction, the petitioner was sentenced to 12 years imprisonment under the D.C. Code.

On August 18, 1993, the petitioner was first released to parole supervision, with a sentence expiration date of December 18, 2001. However, due to non-criminal violations of the terms of his release, the D.C. Parole Board ("The Board") revoked the petitioner's parole on February 1, 1995.

The petitioner was released to parole for the second time on March 18, 1997. On April 7, 2007, however, the Board again revoked petitioners' parole for non-criminal violations.

On August 5, 1998, the United States Parole Commission ("The Commission") assumed responsibility over all parole decisions for District of Columbia Offenders pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L.No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a) ("Revitalization Act"). Therefore, on February 3, 2000, the petitioner appeared before the Commission for a parole hearing. At that hearing, the Commission ordered the petitioner released to parole on August 17, 2000, after the service of 17 months for his non-criminal violations of parole. The petitioner was actually released to parole on October 19, 2000, with a new sentence expiration date of February 22, 2005.

On May 9, 2002, the Commission issued a warrant for the petitioner's arrest for violations of parole. However, because the petitioner had already been arrested on local criminal charges, the warrant was merely lodged as a detainer and the Commission sought additional information on the petitioner's pending charges. The petitioner was eventually convicted in Arlington, Virginia of concealment as a third or subsequent offense. Thus, the warrant was updated to include the petitioner's criminal conviction and four year sentence, of which all but 12 months had been suspended.

After completion of his remaining 12 month sentence, the Commission's violator warrant was executed on November 23, 2002. The petitioner received his parole revocation hearing on February 25, 2003, at which time his parole was again revoked. The Commission determined that petitioner would be released to parole on May 8, 2003, after the service of 17 months, including the time spent in the custody of the Commonwealth of Virginia. The petitioner's new sentence expiration date was July 11, 2007. Moreover, the petitioner was notified that he would receive no sentence credit for the time spent on parole.

On January 8, 2004, the Commission issued another violator warrant for both criminal and non-criminal violations of the conditions of the petitioner's parole. The warrant was executed on January 12, 2004. On March 19, 2004, the petitioner accepted "expedited revocation," whereby he waived an in-person hearing and agreed to accept the Commission's revocation decision. Such agreement included the revocation of the petitioner's parole, the forfeiture of street time, and reparole after eight months. The agreement also included a waiver the petitioner's right to appeal the Commission's decision and consent to the proposed sanctions.

On October 8, 2004, the petitioner was again released to parole, with a new sentence expiration date of April 12, 2008. However, as a condition of his parole, the petitioner was to reside in a Community Corrections Center ("CCC") for 120 days after his release. When the petitioner later failed to return to the CCC, the Commission issued a violator warrant. The warrant was executed on July 13, 2005. For this violation, the petitioner again accepted an expedited review proposal which included revocation of parole, forfeiture of street time, and reparole after 12 months. Pursuant to that agreement, the petitioner was reparoled on July 12, 2006, with a new sentence expiration date of January 14, 2009.

On February 7, 2007, the Commission issued yet another violator warrant for the petitioner. The warrant included allegations that the petitioner had used cocaine and violated other administrative conditions of his parole.

On May 10, 2007, the petitioner was arrested and charged with the attempted distribution of cocaine by the Superior Court of the District of Columbia ("D.C. Court").

On May 14, 2007, while incarcerated on the pending D.C. criminal charges, the Commission's violator warrant was executed. The petitioner subsequently accepted another expedited review proposal, which this time included the revocation of parole, forfeiture of street time and a parole date at the bottom of the guideline range. Again, by accepting the proposal, the petitioner waived his right to appeal the Commission's decision, although he retained the right to seek amendment of that decision. On June 4, 2007, the Commission issued its decision which included a reparole date after the service of 12 months. It does not appear that the petitioner sought amendment of that decision.

On January 3, 2008, the D.C. Court sentenced the petitioner to 14 months imprisonment for his conviction for attempted distribution of cocaine. That sentence was ordered to run consecutive to the parole violation sentence petitioner was serving at that time.

On June 11, 2008, after being informed of the petitioner's D.C. Court conviction, the Commission reviewed the petitioner's parole case. Because of the conviction, the Commission determined that, rather than release the petitioner to the community, the petitioner would be released to his consecutive 14 month sentence. Moreover, a case analyst determined that the petitioner's new sentence increased his reparole guideline range from 12 to 16 months to 24 to 32 months. However, since the petitioner had a consecutive 14 month sentence to serve, the analyst recommended no

action by the Commission. The petitioner was then reparoled, *nunc pro tunc* to May 13, 2008, with a new sentence expiration of November 15, 2009. The petitioner is currently incarcerated serving his 14-month D.C. Court sentence.

## II. Claims of the Petition

In the petition, the petitioner makes two claims for habeas corpus relief based on the procedural history noted above:

> 1.) If given proper credit for time served on his subsequent new state sentence, the petitioner's original sentence in case no. F-14226-89 expired upon his release on July 12, 2006.
>
> 2.) He has been denied credit by the Bureau of Prisons ("BOP") on his sentence in case no. 2007-CF2-10791, for time served as ordered by the sentencing court.

## III. Exhaustion

In his amended pleading, the petitioner provides information related to the exhaustion of administrative remedies. Moreover, in its motion to dismiss, the government seeks dismissal of this case for the failure to exhaust. However, although exhaustion is generally favored in habeas corpus proceedings, it is not required. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Moreover, a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).

In this case, the petitioner attempted to exhaust his administrative remedies, but when he

failed to receive a timely response at the Regional Level, he chose to file suit in this Court rather than proceed to the final level of the process, the Central Office level. Although this was improper, and the Court does not condone the flouting of administrative procedures, the undersigned believes that under the specific circumstances of this case, the exhaustion requirement should be waived. If this Court were to dismiss this case at this juncture, the petitioner would be required to restart the entire administrative process. Given the petitioner's current projected release dates, it is unlikely, if not improbable, that the petitioner could then exhaust his administrative remedies and still have time to refile his claims in this Court if he does not obtain administrative relief. Moreover, being that the issues are already fully briefed and ripe for review by the Court, dismissal without prejudice for the failure to exhaust would amount to a waste of judicial time and resources. Thus, the undersigned believes that the respondent's motion to dismiss for the failure to exhaust should be denied and the petitioner's claims should be reviewed on the merits.

### IV. Merits of Petitioner's Claims

#### A. Ground One

In ground one, the petitioner argues that if given credit for the time spent serving his new state sentence, his original sentence in case no. F-14226-89 would have expired upon his release on July 12, 2006. Thus, the petitioner argues that he has over served his original 12 year sentence and should be released from any further obligation on that sentence. In support of this ground, the petitioner cites 28 C.F.R. § 2.21(c), which he believes confers credit for time spent in state or local custody. Specifically, the petitioner notes that § 2.21(c) states that "[t]ime served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes." However, the petitioner's argument fails for two reasons.

First, the petitioner fails to consider the language of § 2.21(c) in its entirety. Section 2.21(c) actually states:

> Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes. *This does not affect the computation of the expiration of the violator term as provided by §§ 2.47(e) and 2.52(c) and d.* (emphasis added).

Second, § 2.21 applies to United States Code offenders. D.C. Code offenders, like petitioner, are governed by 28 C.F.R. § 2.100(d)(2), which states:

> A parole violator whose parole is revoked shall be given credit for all time in confinement resulting from any new offense or violation that is considered by the Commission as a basis for revocation, but solely for the limited purpose of satisfying the time ranges in the reparole guidelines at § 2.81. *The computation of the prisoner's sentence, and the forfeiture of time on parole pursuant to D.C. Code 24-406(a), is not affected by such guideline credit.* (Emphasis added).

Thus, the petitioner's reliance on § 2.21(c) is misplaced. Nonetheless, in reviewing the analogous code section, it is clear that the petitioner is not entitled to the credit he seeks. See Joiner v. Henman, 902 F.2d 1251, 1254 (7th Cir. 1990) (although regulations require time served be counted for reparole guideline purposes, no regulation mandates time be credited against remaining sentence); D'Amato v. U.S. Parole Comm., 837 F.2d 72, 78 (2d Cir. 1988) (the regulations relate to the Commission's determination of a parole violator's new sentence, not to a determination on the original sentence); Berg v. United States Parole Comm., 735 F.2d 378 (9th Cir. 1984) (under the regulations, a prisoner whose parole was revoked for committing new offense shall receive credit for time served on new offense for purposes of parole, but not for purposes of computing time left on original sentence). Thus, the petitioner has clearly confused credit for parole guideline purposes with credit toward the balance of his original sentence and has misapprehended the meaning of the regulations in question. The regulations simply do not mandate that time spent in custody on new

7

criminal charges be credited toward the expiration of the original sentence.

**B.    Ground Two**

In ground two, the petitioner argues that the BOP has failed to properly credit him with time served as specifically ordered by the sentencing court. In support of this claim, the petitioner cites D.C. Code § 24-221(a) which provides that "[e]ach person shall be given credit on the maximum and minimum term of imprisonment for the time spent in custody or on parole as a result of the offense for which the sentence was imposed."

According to the respondent, the BOP has calculated the petitioner's sentence as commencing on May 13, 2008, the date upon which the petitioner was released from his parole violator term.[2] Moreover, the BOP has awarded the petitioner jail credit for the time served between May 10, 2007, the date of his arrest, and May 13, 2007, the day before the petitioner's parole violator term commenced. The petitioner, however, seeks credit on his D.C. Court conviction for the time spent in custody from May 14, 2007, to May 13, 2008, serving his parole violator term.

D.C. Code § 24-221.03(a) states that "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole *as a result of the offense for which the sentence was imposed*. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed." (Emphasis Added). In this case, the petitioner does not dispute that he received credit for the time between May 14, 2007, and May 13, 2008, on his violator sentence. Thus, the petitioner is clearly not entitled to credit for that same time on his

---

[2] The petitioner's sentence in case no. 2007-CF2-10791 was ordered to run consecutive to his parole violator term. See Resp't Ex. 1 at Att. A. However, the Judgment Order also directs that petitioner be awarded credit for time served, as mandated by D.C. Code § 24-221.03. Id.

8

subsequently imposed D.C. Court sentence. See Ali v. District of Columbia, 612 A.2d 228 (D.C. Ct. App. 1992) (credit denied on D.C. sentence where defendant was in custody pursuant to an executed parole violator warrant). Thus, the BOP has properly computed the petitioner's sentence and this ground is without merit.

## V. **Recommendation**

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss for failure to exhaust (dckt. 12) be **DENIED**, but that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (dckt. 1) otherwise be **DENIED** and **DISMISSED with prejudice** for lack of merit.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner be certified mail, return receipt requested, and to counsel of record via electronic means.

DATED: September 8, 2008.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE