IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KENNETH RAY SANDERS,**

    Petitioner,

v.                                              Civil Action No.   3:08CV72
                                                            (JUDGE MAXWELL)

**KUMA J. DEBOO, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate John S. Kaull [Doc. 24] and the petitioner's corresponding objections [Doc. 26]. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation**

[Doc. 24] should be, and is, **ORDERED ADOPTED**.

## II. Procedural Background

On April 14, 2008, the *pro se* petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. By standing Order, the case was referred to United States Magistrate Judge John S. Kaull for initial review and a report and recommendation. As indicated in the motion, petitioner contends that he was denied proper credit for time served resulting in an improper extension of his original 12-year sentence in the Superior Court of the District of Columbia. In addition, the petitioner contends that the Bureau of Prisons ("BOP") failed to properly credit him for time served as ordered by the sentencing court on a subsequent conviction for attempted distribution of cocaine in the Superior Court of the District of Columbia.

Upon consideration, the Magistrate Judge found petitioner's motion under 28 U.S.C. § 2241 to be improper as the petitioner is not entitled to receive credit for time served against his original sentence for confinement on an offense which serves as the basis for a parole revocation. Moreover, the Magistrate Judge found that the BOP properly credited the petitioner for time served in relation to his conviction for attempted distribution of cocaine and his reparole violator term. As such, the Magistrate Judge recommended that the petition be dismissed with prejudice. In response, petitioner appears to argue that all time spent in custody on parole violation terms should be retroactively applied against his original sentence. In addition, petitioner contends that he was improperly denied credit for time spent in a Community Corrections Center ("CCC") as a condition of his parole. As a final matter, the petitioner argues that he was not given credit for time served as ordered at his sentencing for attempted distribution of cocaine.

## III. Factual Background

The petitioner's criminal history and parole-revocation history are extensive and have been thoroughly recounted by the Magistrate Judge in the Report and Recommendation [Doc. 24]. However, for the purposes of this Order, a brief review of those histories is appropriate. On August 18, 1993, petitioner was first released on parole from a 12-year sentence imposed in the Superior Court of the District of Columbia for second degree burglary, attempted first degree theft, and destroying property. At that time, petitioner's sentence was set to expire on December 18, 2001. Thereafter, petitioner's parole was revoked on February 1, 1995, due to noncriminal violations.

Following petitioner's initial revocation, the United States Parole Commission assumed responsibility over parole decisions for D.C. Code offenders under the National Capital Revitalization and Self-Government Improvement Act of 1997. As such, after a parole hearing, the United States Parole Commission ordered petitioner to serve 17 months for his non-criminal parole violations. At that time, petitioner had been confined for 11 months following the revocation of his parole. Ultimately, petitioner was released on parole on October 19, 2000, and given a new sentence expiration date of February 22, 2005.

After his release, petitioner was arrested and convicted of concealment as a third or subsequent offense. As a result, petitioner received a 4-year sentence, with 3 years suspended, and the United States Parole Commission updated a previously issued arrest warrant for parole violations, which had been lodged as a detainer due to the petitioner's local confinement. Following the service of petitioner's local sentence, the Commission's warrant was executed. Ultimately, petitioner was re-paroled after serving 17 months,

including his time spent in local confinement, and was released on May 8, 2003, with a new sentence expiration date of July 11, 2007.

Thereafter, petitioner again violated the conditions of his parole. As a result, petitioner was arrested on March 19, 2004, and accepted an expedited revocation, under which petitioner waived his appellate rights and right to an in-person hearing and received an additional 8 months incarceration. Thereafter, petitioner was released on October 8, 2004, with a new sentence expiration date of April 12, 2008. Moreover, as a condition to his parole, petitioner was required to attend CCC for 120 days after his release. Again, petitioner violated the terms of his parole and, again, petitioner accepted an expedited revocation, which included forfeiture of time spent in CCC, reparole after 8 months, and waiver of appellate rights. As a result, petitioner was released on July 12, 2006, with a new sentence expiration date of January 14, 2009.

Subsequently, petitioner again violated the terms of his parole and was arrested and charged with attempted distribution of cocaine in the Superior Court of the District of Columbia. During the pendency of this prosecution, petitioner accepted another expedited revocation, under which he received an additional 12 months incarceration, forfeited time spent on parole, and waived his appellate rights. Thereafter, the Superior Court of the District of Columbia sentenced petitioner to 14-months incarceration followed by 3 years on supervised release, to be served consecutive to petitioner's reparole violation sentence. On May 13, 2008, petitioner was reparoled *nunc pro tunc* and released to serve his sentence for attempted distribution of cocaine with a new sentence expiration date of November 15, 2009.

IV. Controlling Law

Title 28 C.F.R. § 2.100(d)(2) governs parole computations for D.C. Code Offenders and provides that:

> A parole violator whose parole is revoked shall be given credit for all time in confinement that is considered by the Commission as a basis for revocation, but solely for the limited purpose of satisfying the time ranges in the reparole guidelines at § 2.81. *The computation of the prisoner's sentence, and forfeiture of time on parole pursuant to D.C. Code 24-406(a), is not affected by such guideline credit.*

28 C.F.R. § 2.100(d)(2) (emphasis added).

In addition to the above, D.C. Code § 24-221.03(a) provides that:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

D.C. Code § 24-221.03(a).

V. Discussion

Turning to the case at bar, it is clear that petitioner's claims are without merit. Initially, petitioner's contention that he is entitled to release due to the expiration of his original sentence is foreclosed by the plain meaning of 28 C.F.R. § 2.100(d)(2). As noted above, regulations providing for the accounting of credit for time served for reparole purposes are not credited against the petitioner's original sentence. 28 C.F.R. § 2.100(d)(2); *Joiner v. Henman*, 902 F.2d 1251, 1254 (7th Cir. 1990) (indicating that "[t]he regulations clearly require time served to be counted only for reparole guideline purposes. No regulation or statute mandates the time be credited against the time remaining on a federal sentence"). As such, petitioner's claim must fail.

Moreover, petitioner's claim that he was improperly denied credit for time spent in a Community Corrections Center ("CCC") as a condition of his parole is equally without merit. Initially, petitioner forfeited his right to time spent in CCC by virtue of his expedited revocation agreement, which also included a waiver of appellate rights. Furthermore, the law is well-settled that time spent in CCC as a condition of parole does not entitle one to credit for time served against a sentence imposed following revocation of parole. *Tanner v. Sivley*, 76 F.3d 302 (9th Cir. 1996).

As a final matter, the Court concurs with the finding of the Magistrate Judge, that petitioner received proper credit for time served as ordered at his sentencing for attempted distribution of cocaine. As noted by the Magistrate Judge, petitioner seeks credit for time spent in custody on his reparole violator term toward his sentence for attempted distribution of cocaine in the Superior Court of the District of Columbia. However, as identified above, a prisoner is only entitled to credit for time served "in custody or parole as a result of the offense for which the sentence was imposed." D.C. Code § 24-221.03(a). Moreover, petitioner does not dispute that he already received credit for the identified time on his violator sentence. Therefore, the petitioner may not receive the benefit of crediting this very same time toward his subsequently imposed sentence for attempted distribution of cocaine. *Ali v. District of Columbia*, 612 A.2d 228, 230 (D.C. Ct. App. 1992) (holding that "if the parole violation warrant was validly executed while appellant was being held for the new offense, he would not be entitled to receive credit for time in the new case for time spent after the warrant was executed").

## VI. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. That the **Magistrate Judge's Report and Recommendation [Doc. 24]** is **ORDERED ADOPTED**;

2. That the **Respondent's Motion to Dismiss [Doc. 12] is GRANTED**;

3. That the **Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**; and

4. That this case be **CLOSED** and **RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

Dated this _26_ day of November, 2008.

*/s/ Robert E. Maxwell*
ROBERT E. MAXWELL
UNITED STATES DISTRICT JUDGE